UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ERIE PROPERTY, LLC, | ) |
| | )   Case No. 09-06968 |
| Debtor. | ) |

## NOTICE OF FINAL HEARING

**PLEASE TAKE NOTICE** that on **April 7, 2009, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Susan Pierson Sonderby, or another judge sitting in her courtroom, Room 642 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, for final hearing on DEBTOR'S MOTION TO AUTHORIZE USE OF CASH COLLATERAL, a copy of which was previously filed and served upon you on March 10, 2009, and seek entry of a Final Agreed Order in substantial conformity with the interim AGREED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL, a copy of which is herewith served upon you.

ERIE PROPERTY LLC

By_____
Paula K. Jacobi

Paula K. Jacobi, Esq. (ARDC No. 1311247)
Jennifer A. Kimball, Esq. (ARDC No. 6291184)
Barnes & Thornburg LLP
One North Wacker, 44th Floor
Chicago, Illinois 60606
(312) 214-4866

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-B-06968 |
| ERIE PROPERTY LLC, an Illinois limited liability ) | |
| Corporation ) | Chapter 11 |
| ) | |
| Debtor. ) | Hon. Susan Pierson Sonderby |

## AGREED ORDER AUTHORIZING USE OF CASH COLLATERAL

THIS MATTER COMING TO BE HEARD on the Motion for Entry of an Order Authorizing Use of Cash Collateral ("Motion") filed by Erie Property LLC, as debtor and debtor-in-possession ("Debtor") on March 17, 2009; due notice of the hearing on the Motion having been given to all parties entitled thereto; no objections having been made to the relief requested in the Motion; the Court having held a preliminary hearing on March 17, 2009 ("Preliminary Hearing") as provided under Section 363 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Code") and Rule 4001(b) and (d) of the Federal Rules of Bankruptcy Procedure (the "Rules"); and the parties having stipulated as follows:

1. Filing. On March 2, 2009 ("Filing Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Code. The captioned case is a single-asset real estate case, as defined in §101(51)(B) of the Code. Debtor owns and operates two buildings commonly known as 357-363 West Erie Street, Chicago, Illinois ("Property"). The Property is commercial space.

2. Notice. Notice of the hearing on the Motion has been served on (i) counsel for Manulife (International) Limited ("Manulife") and First Midwest Bank ("First Midwest"), (ii) the United States Trustee, and (iii) all parties requesting notice in this case. Such notice is sufficient and complies with the requirements of Section 363 of the Code and Rules and any other applicable law. Upon entry of this Interim Order, Debtor shall serve a copy on the twenty largest unsecured creditors with notice of the continued hearing.

QB\792832.00051\7547830.2

3. <u>Manulife, Pre-Petition Indebtedness and Security</u>. On or about June 1, 2004, Debtor executed and delivered to Manulife a Mortgage and Security Agreement dated as of June 1, 2004 ("Mortgage") concerning the Property. The Mortgage was recorded with the Cook County Recorder of Deeds on June 9, 2004 as Document No. 0416144061. The Mortgage was given to secure an original indebtedness owing to the holder thereof in the principal amount of Nine Million Three Hundred Thousand and No/100 Dollars ($9,300,000.00) (the "Loan").

Pursuant to Section 1.1 of the Mortgage, Debtor granted Manulife a security interest in, *inter alia*, the Property and all improvements thereto, all machinery, equipment and fixtures, all leases and rents from the Property, and all accounts, escrows, claims, deposits and all other general intangibles specific to or used in connection with the operation of the Property.

In addition to executing the Mortgage, Debtor executed and delivered to Manulife i) a Promissory Note dated June 1, 2004 (the "Note"), ii) an Assignment of Rents and Leases dated June 1, 2004, and recorded on June 9, 2004 as document number 0416144063 and (iii) a UCC financing statement was filed on June 2, 2004 with the Illinois Secretary of State as document number 008758735.

Based on the Mortgage, Assignment and financing statement Manulife has a valid, first priority, perfected mortgage and security interest in all assets of the Debtor set forth in the Mortgage and Assignment, including, without limitation, all rents, income, issues, profits, revenues, royalties, rights and benefits arising from the Property ("Rents") and other Cash Collateral as defined herein and within the meaning of 11 U.S.C. §363.

4. <u>First Midwest</u>. Debtor and First Midwest are a party to Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing ("First Midwest Mortgage") dated March 10, 2006 and recorded against the Property on March 24, 2008. The First Midwest Mortgage secures a maximum

of $1.6 million of indebtedness incurred by entities other than the Debtor, one of which is Space, LLC, a tenant at the Property and an entity related to Debtor.

5. <u>Pre-Petition Receiver</u>. In July 2008, Manulife brought an action to foreclose the Mortgage in the Circuit Court of Cook County ("State Case"). The State Case is encaptioned <u>Manulife (International) Limited v. Erie Property LLC, First Midwest Bank et.al</u>. and numbered 08 CH 24149. On Manulife's motion, Robert B. Devine was appointed to act as Receiver for the Property in the State Case.

On January 29, 2009, a Judgment of Foreclosure and Order of Sale was entered in the State Case ("Foreclosure Judgment"). Under paragraph 25 of the Foreclosure Judgment, the Property was to be sold at a judicial sale on March 3, 2009 or on any date thereafter. Sale of the Property was originally scheduled for March 3, 2009, and continued to March 17, 2009.

6. <u>Agreed Order Regarding Pre-Petition Receiver</u>. On March 10, 2009, the Court entered an *Agreed Order Regarding Pre-Petition Receiver* which provides that the Receiver shall retain possession of all Cash Collateral, as that term is defined therein. The Receiver was also authorized to make any disbursements of Cash Collateral in accordance with Orders of this Court obtained by Debtor after notice and hearing that authorized use of Cash Collateral.

7. <u>Budget</u>. Attached hereto as Exhibit A is the Debtor's proposed budget (the "Budget") setting forth the anticipated expenses for the Property for the one month period from the Filing Date through March 31, 2009 ("Interim Period").

8. <u>Cause</u>. In order to preserve and maintain the Property, the monthly expenses of utilities, maintenance, insurance and management (through the Receiver) are necessary and should be paid.

QB\792832.00051\7547830.2                3

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

A. _Cash Collateral._ For purposes of this Order and subject to the reservation of rights contained herein, the term "Cash Collateral" shall be defined in 11 U.S.C. §363, and shall include the Rents.

B. _Use of Cash Collateral._ Debtor is authorized to use Cash Collateral received during the Interim Period, and during the Interim period, only, pursuant to the terms of the Budget. Debtor is permitted to deviate from an expense amount set forth on the Budget by up to ten percent (10%) per line item, up to an aggregate maximum of five percent (5%) of the total monthly expenses set forth on the Budget.

C. _Replacement Lien._ As adequate protection for (i) the interests of Manulife and First Midwest in Cash Collateral, and for Debtor's use of Cash Collateral for the Interim Period; and (ii) for any diminution in value of the Property from and after the Filing Date, Manulife and First Midwest are hereby granted, as additional security for their claims against Debtor and/or the Property (as such claims are allowed by final order of this Court, or agreement of the parties) replacement security interests in and liens against all Cash Collateral generated from and after the Filing Date ("Replacement Collateral," and such replacement security interests and liens being the "Replacement Liens") to the same extent and in the same priority as their respective secured interests existed on the Filing Date. The Replacement Liens in the Replacement Collateral shall be subordinate only to enforceable and perfected liens and security interests in existence on the Filing Date with a priority senior to those of Manulife and First Midwest. The Replacement Liens granted herein are valid, enforceable and fully perfected, and no further filings or recordation, or other act is necessary to create or perfect the Replacement Liens. To the extent that such Replacement Liens are insufficient to compensate Manulife from diminution, if any, in the value of the property of the estate on which Manulife had a perfected, security interest as of the Filing Date, Manulife is hereby granted a priority administrative claim with priority over all administrative expenses

of any kind whatsoever incurred in this reorganization, or in any subsequent Chapter 7 proceeding of Debtor, including, but not limited to, all administrative expenses specified in or allowed pursuant to §§ ~~105, 330, 331~~ and 503(b), 507(b) ~~or 726~~ of the Bankruptcy Code in the amount of said diminution.

D. <u>Reservation of Rights</u>. Nothing contained in this Order (i) constitutes a finding or other determination with respect to the adequacy of the protection of the interest of either Manulife or First Midwest in their respective collateral or (ii) shall preclude either Manulife or First Midwest from seeking additional or different adequate protection (as defined in Section 361 of the Bankruptcy Code), and this Order is without prejudice to the rights of either Manulife or First Midwest from seeking to terminate or modify the automatic stay, or request any other relief from this Court, or the right of Debtor and other parties in interest to oppose such relief requested.

E. <u>Jurisdiction; Core Proceeding; Effectiveness</u>. The subject of this Order is a "core" proceeding with the meaning of 28 U.S.C. §157. This Court has jurisdiction over this proceeding of the parties and property affected hereby pursuant to 28 U.S.C. §157 and 1334. This Order is a binding order of the Court, and shall be binding upon and inure to the benefit of Manulife, First Midwest and Debtor and its successors and assigns (including any successor trustee or estate representative in the Case or any subsequent case or proceeding under the Bankruptcy Code).

F. <u>Final Hearing</u>. A Final Hearing on this Order shall be held on April 7, 2009 at 10:30 a.m. All objections must be filed by 4/1/09.

Dated: MAR 17 2009, 2009        IT IS SO ORDERED,

_____
United States Bankruptcy Judge

## AVERAGE MONTHLY EXPENSES

| | |
|---|---|
| Insurance | $2,000.00 |
| Utilities | |
|     AT & T | $ 300.00 |
|     City of Chicago (Water/Sewer) | $1,500.00 |
|     Peoples Gas | $2,500.00 |
|     Commonwealth Edison | $1,500.00 |
|     Allied Waste | $ 200.00 |
| Building Engineer (maintenance) | $3,000.00 |
| Management (Receiver) | $1,500.00 |
| Receiver's counsel | $1,500.00 |
| Repairs/Maintenance | $1,500.00 |
| Other Miscellaneous | $ 500.00 |
| TOTAL: | $16,000.00 |

EXHIBIT A

## CERTIFICATE OF SERVICE

    I, Paula K. Jacobi, certify, pursuant to penalties of perjury, that I caused the foregoing, Notice of Final Hearing, to be served on this 24th day of March, 2009, on the following persons, which include Debtor's twenty largest unsecured, non-insider creditors:

Via the Court's ECF Filing System:

Joseph D. Frank
Zane Zielinski
Frank/Gecker LLP
325 N. LaSalle Street
Suite 625
Chicago, Illinois  60654

Kathryn Gleason/William T. Neary
Office of the U.S. Trustee for the
Northern District of Illinois
219 S. Dearborn
Suite 873
Chicago, Illinois  60604

Fred R Harbecke
29 South LaSalle Street
Suite 945
Chicago, IL 60603

Scott H. Kenig
Randall & Kenig LLP
455 N. Cityfront Plaza Drive
#3160
Chicago, IL 60611

Faye Feinstein
Lauren Nachinson
Quarles & Brady
500 W Madison Suite 3700
Chicago, IL 60661

Via U.S. Mail, Postage Prepaid:

Bishop Taylor Group LLC
357 West Erie Street
Suite 500
Chicago, IL  60654

Blue Star Services Group
363 West Erie Street
Suite 700W
Chicago, IL  60654

Central Print Services, Inc.
363 West Erie Street
Suite 200W
Chicago, IL 60654

Chicago Elevator Company
3260 West Grand Avenue
Chicago, IL 60651

City of Chicago
Department of Water Management
Attn: Legal Department
333 S. State Street, Suite LL10
Chicago, IL 60602

Combi Wear Parts, Inc.
363 West Erie Street
Suite 100E
Chicago, IL 60654

ComEd
c/o Registered Agent
Veronica Gomez
10 S. Dearborn Street
49th Floor
Chicago, IL 60603

D.G.L. Distributors, Inc.
357 West Erie Street
Suite 210
Chicago, IL 60654

Data Based Ads, Inc.
363 West Erie Street
Suite 500E
Chicago, IL 60654

Patrick J. Fitzgerald, Esq.
US Attorney Illinois-Eastern Division
Northern District of Illinois
219 S. Dearborn Street, Suite 500
Chicago, IL 60604

Eric H. Holder, Jr., Esq.
Attorney General of the United States
US Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Mayer Y. Silber
District Counsel Internal Revenue Service
Associate Area Counsel
200 West Adams St., Ste 2300
Chicago, IL 60606

James Stefanski
1178 Euclid Avenue
Apt. 3
Berkeley, CA 94708

Kathryn Quinn Architects, Ltd.
363 West Erie Street
Suite 300W
Chicago, IL 60654

Latimer LeVay Jurasek LLC
55 West Monroe Street, Suite 1100
Attn: Donald Levin
Chicago, IL 60603

Mark's Tuckpointing&Remodeling, Inc.
6402 West Raven Street
Chicago, IL 60631

Midwest Newsclip, Inc.
363 West Erie Street
Suite 700E
Chicago, IL 60654

North Town Mechanical Services
50 Eisenhower Lane North
Lombard, IL 60148

NRC Realty Advisors, LLC
363 West Erie Street
Suite 300E
Chicago, IL 60654

Peoples Gas
c/o Registered Agent Timothy P. Walsh
130 E. Randolph Drive
Chicago, IL 60601

James D. Newbold
Assistant Attorney General
Revenue Litigation Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601

/s/ *Paula K. Jacobi*

/s/ *Paula K. Jacobi*