# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-06968 |
| ERIE PROPERTY LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | Judge Susan Pierson Sonderby |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **November 4, 2009 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Judge Susan Pierson Sonderby, or another judge sitting in her courtroom, Room 642 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, which is located at 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached **Barnes and Thornburg LLP Application for Approval of Fees and Costs,** a copy of which is attached and hereby served upon you via the Court's ECF system.

ERIE PROPERTY LLC

By: /s/ *Paula K. Jacobi*

Paula K. Jacobi (ARDC No. 1311247)
Jennifer A. Kimball (ARDC No. 6291184)
**Barnes & Thornburg LLP**
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(T) (312) 357-1313
(F) (312) 759-5646
pjacobi@btlaw.com

## CERTIFICATE OF SERVICE

I, Paula K. Jacobi, certify, pursuant to penalties of perjury, that I caused this **Notice** and **Barnes and Thornburg LLP Application for Approval of Fees and Costs** to be served upon parties who have appeared via the Court's ECF system on this 14th day of October, 2009 on the following persons:

>Zane Zielinski and Joseph Frank
>Frank/Gecker LLP
>325 N. LaSalle Street, Suite 625
>Chicago, Illinois 60654
>
>Kathryn Gleason/William T. Neary
>Office of the U.S. Trustee for the
>Northern District of Illinois
>219 S. Dearborn, Suite 873
>Chicago, Illinois 60604
>
>Fred Harbecke
>Fred R. Harbecke, Ltd.
>29 S. LaSalle Street, Suite 945
>Chicago, Illinois 60603
>
>Scott Kenig
>Randall & Kenig LLP
>455 N. Cityfront Plaza Drive
>NBC Tower, Suite 2510
>Chicago, Illinois 60611
>
>Lauren N. Nachinson
>Faye Feinstein
>Quarles & Brady
>500 W. Madison Street, Suite 3700
>Chicago, Illinois 60661
>
>Eric S. Rein
>Dykema Gossett PLLCc
>10 s. Wacker Drive
>Suite 2300
>Chicago, IL 60606

This **Notice** and **Barnes and Thornburg LLP Application for Approval of Fees and Costs** was originally filed and served on October 9, 2009.

/s/ *Paula K. Jacobi*

2

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re )
    ERIE PROPERTY LLC )
)  Bankruptcy No. ____09-06968____
)
                 Debtor. )  Chapter ____11____

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____Barnes & Thornburg LLP_____

Authorized to Provide Professional Services to: _____Erie Property LLC, Debtor_____

Date of Order Authorizing Employment: _____March 31, 2009_____

Period for Which Compensation is Sought:
From _____March 2_____, __2009__ through _____October 13_____, __2009__

Amount of Fees Sought: $ 143,062.50

Amount of Expense Reimbursement Sought: $ 3,996.40

This is an:    Interim Application _____    First and Final Application __X__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: 10/14/09

_____
(Counsel)

Paula Jacobi, partner
Barnes & Thornburg LLP

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-06968 |
| **ERIE PROPERTY LLC,** ) | Chapter 11 |
| ) | |
| Debtor. ) | Judge Susan Pierson Sonderby |
| _____ ) | |

**BARNES & THORNBURG LLP APPLICATION FOR
APPROVAL OF FEES AND EXPENSES**

Barnes & Thornburg LLP ("BT"), counsel for Erie Property LLC, debtor and debtor in possession in the above case ("Debtor"), moves for entry of an Order (i) approving $137,062.50 in attorney fees and $3,996.40 in expenses advanced of BT, as debtor in possession counsel, for March 2, 2009 (the date on which Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code) through September 30, 2009; (ii) approving an additional $6,000 in fees estimated for work being done from October 1, 2009 through October 13, 2009, which will be the Effective Date of the *Debtor's Plan of Reorganization Dated July 31, 2009 as Amended on August 27, 2009* ("Plan"); and (iii) authorizing and directing payment of the awarded fees and expenses from the cash collateral from the Property held by the Receiver or, if already delivered to the Debtor in accordance with the Plan, as of the Effective Date of the Plan. In support of this Application, BT states as follows:

**Background**

1. Erie is a single-asset real estate entity, as defined in § 101 of the Bankruptcy Code ("Code"). Erie is in the business of operating the real property and activities incidental thereto.

2. Erie owns the real property, located at 357-363 West Erie, Chicago, Illinois ("Property") is comprised of two commercial buildings. The 357 West Erie is a six story building and 363 West Erie is a seven story building.

3.  Immediately before the Petition Date, a judgment of foreclosure had been entered in favor of Manulife (International) Limited ("Manulife") which asserted a claim of $12.6 million secured by a mortgage on the Property. A mortgage sale of the Property had been scheduled for March 3, 2009.

4.  On March 2, 2009, Erie filed a voluntary petition under chapter 11 of the Code ("Petition Date").

5.  Debtor filed its petition because it believed that, given its dispute regarding a portion of the Manulife claim and the substantial cash flow prior to debt service being generated from the Property, a reorganization was possible and in the best interest of all creditors and equity holders.

6.  On March 31, 2009, this Court authorized the retention of BT as Debtor's counsel for this Chapter 11 case pursuant to § 327 of the Code. The retention was *nunc pro tunc* to the Petition Date.

**Chapter 11 Case**

7.  Promptly upon commencement of this case, Debtor's counsel approached counsel for Manulife in an attempt to reach an agreement regarding whether, and on what terms, the pre-petition Receiver could be excused from compliance with § 543(b)(1) of the Code. Debtor's counsel was successful in reaching such an agreement and having such an Order entered.

8.  Debtor's counsel undertook all of the general tasks work needed in any chapter 11 case. For example, counsel attended to initial filing matters, had bar dates set, utility adequate protection approved, Schedules of Assets and Liabilities and Statement of Financial Affairs prepared and filed, obtained approval for use of cash collateral and responded to creditors.

9.  In additional to the above usual Chapter 11 activities, the majority of the services performed in this case related to (i) Debtor's secured creditor Manulife and its successor Aspen

113900-1

2

Erie DTS LLC ("Aspen") and Debtor's challenge to a portion of its claim; (ii) expanding and modifying the lease of the largest tenant in the Property, BlueStar Energy which was important to continue the positive cash flow of the Property; and (iii) negotiation, formulation and confirmation of a plan of reorganization.

10. While Debtor was negotiating a plan with Manulife, Manulife sold its debt to Aspen. As a result, Debtor had to recommence negotiations regarding the amount of the Aspen claim and the terms of a plan of reorganization.

11. This is BT's first and only request for compensation or reimbursement in this case. With respect to this Application, the following attorneys and paralegals have formed services to Debtor in this case with the numbers of hours spent from commencement of the case through September 30, 2009 noted, the hourly rate charged for each professional and the total cost for the work of each professional:

| Attorney/or Paralegal (as noted) | Title | Hours Spent | Hourly Rate | Total |
|---|---|---|---|---|
| Paula K. Jacobi | Partner | 196.9 | $445 | $ 87,620.50 |
| Deborah L. Thorne | Partner | 2.1 | $485 | $ 1,018.50 |
| Kevin Driscoll | Partner | 3.6 | $380 | $ 1,368.00 |
| Wesley Broquard | Associate | 50.3 | $325 | $ 16,347.50 |
| Jennifer Kimball | Associate | 108.9 | $270 | $ 29,403.00 |
| Lisa Updike | Associate | 4.5 | $255 | $ 1,147.50 |
| Ronna Zack | Paralegal | .5 | $195 | $ 97.50 |
| Cynthia Henzel | Paralegal | .3 | $200 | $ 60.00 |
| **Totals** | | 366.3[1] | | $137,062.50 |

---

[1] Counsel notes a discrepancy of 1.7 hours and $1.95 in fees between the chart in paragraph 12 and those itemized in paragraph 13, but has been unable to determine the math or entry that causes the discrepancy.

113900-1

3

The above hourly rates for legal services are the same rates generally charged by BT to its non-bankruptcy clients.

12. BT expended 366.3 hours with a value of $137,062.50 in connection with Debtor's case from the Petition Date (March 2, 2009) through September 30, 2009.

BT estimates that case from October 1, 2009 through October 13, 2009, the Effective Date of the Plan, Jacobi and Broquard will have spent an addition 15 hours with a value of approximately $6,000 (i) negotiating and documenting the agreements with Aspen provided for under the Plan; and (ii) assisting with the Effective Date requirements.

**Reasonable and Necessary Services by BT – Categories by Matter**

13. A detailed itemization of the professional time expended in connection with the cases is attached as Exhibit A, Schedules 1 through 9. In accordance with the factors enumerated in § 331 of the Code, the amount of fees requested is fair and reasonable given (i) the complexity of these Chapter 11 cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; (v) the costs of comparable services other than in cases under the Code; and (vi) the delay in receiving compensation.

BT submits that the fees requested are fair and reasonable and should be awarded, particularly in light of counsel's success in this case. Counsel was able to file a Chapter 11 case to avoid a pending foreclosure sale that would result in no creditor other than the first mortgagee receiving anything on its debt, reducing the amount of the judgment debt by approximately $2.5 million, and negotiating, preparing and confirming a plan of reorganization.

14. Exhibit A (i) identifies the individuals that rendered services in each Subject Matter (as defined below), (ii) describes each activity or service that each individual performed, and (iii) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

113900-1

4

| **Subject Matter of Services** | | **Hours** | **Amount Sought** |
|---|---|---|---|
| Initial Filing Matters | #1 | 12.5 hrs. | $4,346.50 |

The services provided in this category included, without limitation, (i) drafting petition, 20 largest creditor list, and creditor matrix; and (ii) work with client and corporate counsel regarding information needed for initial filings and initial information for proceeding during Chapter 11.

| Property Leases | #2 | 55.4 hrs. | $19,133.50 |
|---|---|---|---|

The services provided in this category included, without limitation, (i) determining how to treat security deposits; (ii) preparing rent roll-analyzing leases; (iii) addressing issues on Space lease; (iv) work regarding Debtor's largest tenant BlueStar Energy—work to have tenant extend its space and term of lease (negotiations with lessee regarding lease amendment and drafting document); and (v) preparing and prosecuting motion to approve amended lease as required by the amendment.

| Creditors/Claims | #3 | 11.7 hrs. | $4,314.00 |
|---|---|---|---|

The services provided in this category included, without limitation, (i) communicating with creditors regarding status of case and their claims; (ii) review motion of Amcore for Rule 2004 and to extend bar date for creditors; (iii) prepare opposition to motions of Amcore; (iv) appear at court hearings on Amcore motions; (v) court appearances on receiver and counsel request for administrative claim; and (vi) review administration claim of receiver and its counsel.

| Plan of Reorganization | #4 | 167.7 hrs. | $65,120.00 |
|---|---|---|---|

The services provided in this category included, without limitation, (i) researching the right to file plan in face of a judgment of foreclosure; (ii) negotiating with First Midwest regarding elimination of its second mortgage; (iii) negotiating/drafting term sheet with Manulife for its treatment under the Plan; (iv) work with client regarding terms of plan and funding; (v)

113900-1

5

work regarding challenges to judgment amount; (iv) work regarding what terms of mortgage to modify; (vii) work to extend exclusive period three times; (viii) work regarding provisions to protect tenants in the treatment of first mortgagee; (ix) negotiating and drafting term sheet for Aspen once note sold by Manulife; (x) prepare a cram-down plan in the event extension of § 362(d) is not granted; (xi) draft/final of Plan; (xii) draft modification to Plan in further negotiations with Aspen; (xiii) draft/final of Disclosure Statement; (xiv) work with client on (draft/final) exhibits to the Disclosure Statement; (xx) draft/final and prosecute motion to have joint hearing on Disclosure Statement and Plan; (xxi) draft/final/negotiate documents to be executed with Aspen [deed, escrow agreement and accounts agreement]; and (xxii) draft Order of Plan.

    <u>Receiver/Cash Collateral</u>    #5    31.4 hrs.    $12,587.00

The services provided in this category included, without limitation, (i) negotiating with Manulife regarding terms on which Receiver could continue during Chapter 11; (ii) work with client on monthly budgets; (iii) draft proposed agreed order on cash collateral and receiver; (iv) reviewing the pre-petition receiver orders; (iv) drafting and prosecuting motion to enter order to allow cash collateral and allow limited continuance of receiver; (v) review receiver reports and work to get receiver to correct reports; (vi) work on having final cash collateral order; and correspondence with UST regarding errors in receiver reports.

    <u>Schedules/Statement
of Financial Affairs</u>    #6    20.1 hrs.    $5,949.50

The services provided in this category included, without limitation, (i) gather information from client and documents to prepare schedules and statement of financial affairs; (ii) draft and final of schedules and statement; and (iii) file amendments/supplement to schedule F and answers to question 3 of statement.

113900-1

6

    <u>Administrative Work</u>    #7    19.1 hrs.    $7,729.50

The services provided in this category included, without limitation, (i) drafting and prosecuting application to appoint counsel; (ii) preparing for and attending with client initial UST meeting; (iii) prepare for and attend with client Section 341 meeting; (iv) prepare time categorization for fee application; (v) prepare fee application and prosecute the same; (vi) preparing and prosecuting motion for bar date; and (viii) sending notice of bar date to all creditors.

    <u>Utilities</u>    #8    9.9 hrs.    $2,918.00

The services provided in this category included, without limitation, (i) preparing and prosecuting motion to enjoin termination and/or alteration of utility services; (ii) draft order on utilities and chart for pre-payment as adequate assurance payments; and (iii) ensure notice of order on all utilities.

    <u>Secured Creditors</u>    #9    40.2 hrs.    $14,966.50

The services provided in this category included, without limitation, (i) work regarding inspection requested by Manulife; (ii) work regarding trespass by potential Manulife note buyer; (iii) researching Manulife issues e.g. pre-petition agreements and waiver of rights, effect of pre-petition consent judgment; (iv) vetting the mortgage perfection; (v) communications with Manulife counsel regarding "note buyer" activity; (vi) preparing and successfully prosecuting motions under § 362(d)(3); (vii) communications regarding sale of note taking place and terms; and (viii) work to assess whether transfer of Manulife note done properly and whether any defects in the assignment to Aspen.

15. BT also seeks $3,996.40 for costs and expenses it incurred in connection with this case during that same period that are reimbursable under applicable rules. The expenses are as follows:

| Expense Category | Amount |
|---|---|
| Photocopy Charges ($.10/copy) | $ 793.10 |
| Filing Fees [petition] | $1,039.00 |
| Filing Fees [schedule amendments) | $ 52.00 |
| Conference call charges | $ 19.85 |
| Messenger Deliveries | $ 26.98 |
| Lien Search/Recorder Deed Search | $ 39.00 |
| Westlaw/Lexis Research (at cost) | $2,026.47 |
| **Totals** | **$3,996.40** |

WHEREFORE, Barnes & Thornburg LLP respectfully requests that the Court enter an order substantially in the proposed form attached hereto (i) awarding BT $137,062.50 in attorney fees and $3,996.40 in expenses advanced of BT, as debtor in possession counsel, for March 2, 2009 (the date on which Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code) through September 30, 2009; (ii) awarding an additional $6,000 in fees (estimated) for work being done from October 1, 2009 through October 13, 2009 the Effective Date of the Plan; (iii) awarding reimbursement of expenses in the amount of $3,996.40 which were advanced by BT, for the period commencement of the Chapter 11 case and ending on the Effective Date of the Plan in accordance with §§ 330 and 331 of the Code; and (iv) authorizing and directing payment

113900-1

8

of the awarded fees and expenses totaling $147,058.90 from funds held by Receiver and/or Debtor as of the Effective Date *less* the pre-petition advance payment retainer that BT has of $90,561.09, leaving a net payment (if all fees and costs requested are awarded) of $56,497.81.

**BARNES & THORNBURG LLP**

By: */s/ Paula K. Jacobi*
      One of its Partners

Paula K. Jacobi (ARDC No. 1311247)
Jennifer A. Kimball (ARDC No. 6291184)
**Barnes & Thornburg LLP**
One North Wacker Drive
Suite 4400
Chicago, Illinois 60601
(T) (312) 214-8307
(F) (312) 759-5646
pjacobi@btlaw.com

113900-1

9