UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-06968 |
| **ERIE PROPERTY LLC,** ) | Chapter 11 |
| ) | |
| **Debtor.** ) | November 25, 2009, 10:00 a.m. |
| ) | Judge Susan Pierson Sonderby |

## NOTICE OF MOTION

TO:   THE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **November 25, 2009** at **10:00 am**, or as soon thereafter as counsel may be heard, the undersigned will appear before the **Honorable Susan Pierson Sonderby** or any judge sitting in her stead, in **Courtroom 642** of the United States Bankruptcy Court, of the Northern District of Illinois, Eastern Division and present **DEBTOR'S MOTION FOR FINAL DECREE**, a copy of which is attached hereto.

ERIE PROPERTY LLC

By:  /s/ *Paula K. Jacobi*

Paula K. Jacobi (ARDC No. 1311247)
Jennifer A. Kimball (ARDC No. 6291184)
**Barnes & Thornburg LLP**
One North Wacker Drive, Suite 4400
Chicago, Illinois  60606
(T) (312) 214-4866
(F) (312) 759-5646
pjacobi@btlaw.com

## CERTIFICATE OF SERVICE

I, Paula K. Jacobi, certify, pursuant to penalties of perjury, that I caused the Notice and Motion for Final Decree to be served on this 13th day of November, 2009 via the Court's ECF system on the following persons:

SERVICE LIST:

Zane Zielinski
Joseph D. Frank
Frank/Gecker LLP
325 N. LaSalle Street
Suite 625
Chicago, Illinois 60654

Fred Harbecke
Fred R. Harbecke, Ltd.
29 S. LaSalle Street, Suite 945
Chicago, Illinois 60603

Scott Kenig
Randall & Kenig LLP
455 N. Cityfront Plaza Drive
NBC Tower
Suite 2510
Chicago, Illinois 60611

Eric S. Rein
DYKEMA GOSSETT PLLC
10 S. WACKER DRIVE
SUITE 2300
Chicago, IL 60606

Kathryn Gleason/William T. Neary
Office of the U.S. Trustee for the
Northern District of Illinois
219 S. Dearborn, Suite 873
Chicago, Illinois 60604

And by U.S. Mail to:

ADT Security Services, Inc.
P.O. Box 371967
Pittsburgh, PA 15250-7967

Akainyah Gallery
357 West Erie Street, Suite 100
Attn: Samuel Akainyah
Chicago, IL 60654-6256

Allied Waste Services
2608 South Damen
Chicago, IL 60608-5209

AT & T
Attn: Legal Department
993 Oak Avenue
Aurora, IL 60506

Jean Bellas
358 Scenic Avenue
Peidmont, CA 94611-3419

Bishop Taylor Group LLC
357 West Erie Street
Suite 500
Chicago, IL 60654-6256

Central Print Services, Inc.
363 West Erie Street
Suite 200W
Chicago, IL 60654-6908

Chicago Elevator Company
3260 West Grand Avenue
Chicago, IL 60651-4177

City of Chicago/Dept. of Revenue
121 N. LaSalle Street
Room 107A
Chicago, IL 60602-1232

City of Chicago
Department of Water Management
Attn: Legal Department
333 S. State Street
Chicago, Illinois 60604-3979

Combi Wear Parts, Inc.
363 West Erie Street
Suite 100E
Chicago, IL 60654-6908

Com Ed
c/o Registered Agent
Veronica Gomez
10 S. Dearborn Street, 49th Floor
Chicago, Illinois 60603

Cook County Treasurer
P.O. Box 4468
Carol Stream, IL  60197-4468

Data Based Ads, Inc.
363 West Erie Street
Suite 500E
Chicago, Illinois  60654-0500

DGL Distributors, Inc.
357 West Erie Street, Suite 200 Rear
Attn: Daniel Lucca
Chicago, Illinois  60654

D.G.L. Distributors, Inc.
357 West Erie Street
Suite 210
Chicago, IL  60654-6256

Erie Property LLC
363 W. Erie Street, Suite 400
Chicago, IL 60654-6903

Erie Playce LLC
363 West Erie Street
Suite 400W
Chicago, IL  60654-6906

Hart Davis Hart Wine Co
363 West Erie Street, Suite 500 West
Attn: Gail Melick
Chicago, IL  60654-6903

Thomas Hickey & Associates
357 West Erie Street
Suite 200
Chicago, IL  60654-6256

Illinois Department of Revenue
Bankruptcy Section
PO Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114-0326

Latimer LeVay Jurasek LLC
55 West Monroe Street, Suite 1100
Attn: Donald Levin
Chicago, IL 60603-5128

Marks Tuckpointing & Remodeling, Inc.
6402 West Raven Street
Chicago, IL 60631-2516

Midwest Newclip, Inc.
363 West Erie Street
Suite 700E
Chicago, IL 60654-6996

North Town Mechanical Services
50 Eisenhower Lane North
Lombard, IL 60148-5414

NRC Realty Advisors, LLC
363 West Erie Street
Suite 300E
Chicago, IL 60654-6933

Peoples Gas
c/o Registered Agent Timothy P. Walsh
130 East Randolph Drive
Chicago, IL 60601

Kathryn Quinn Architects, Ltd.
363 West Erie Street
Suite 300W
Chicago, IL 60654-6907

Law Officers of Mark A. Schramm
One East Wacker Drive, #2850
Chicago, Illinois 60601

Mr. Myron N. Schreiber
Asst. Commissioner Bureau of Billing and Customer Service
Chicago Department of Water Management
333 S. State Street, Suite 510
Chicago, Illinois 60604-3979

Space LLC
363 West Erie Street
Suite 400W
Chicago, IL 60654-6906

J. Maurice Sprang, Jr.
3636 Habersham Road, #2401
Atlanta, GA 30305

State of Illinois
Department of Revenue
P.O. Box 19006
Springfield, IL 62794-9006

James Stefanski
1178 Euclid Avenue
Apt. 3
Berkley, CA 94708-1640

US Bank
PO Box 5229
Cincinnati OH 45201-5229

US Bank
PO Box 1800
Saint Paul, MN 55101

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **In re:** ) | |
| ) | Case No. 09-06968 |
| **ERIE PROPERTY LLC,** ) | Chapter 11 |
| ) | |
| Debtor. ) | November 25, 2009 at 10:00 a.m. |
| ) | Judge Susan Pierson Sonderby |

### DEBTOR'S MOTION FOR FINAL DECREE

Erie Property LLC ("Debtor"), by its attorneys, respectfully moves this Court pursuant to 11 U.S.C § 350(a), Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1 for a Final Decree closing this Chapter 11 case. In support of its Motion, Debtor states:

### Introduction

1. On March 2, 2009 (the "Petition Date"), the above-captioned reorganization case was commenced pursuant to the Debtor's filing of a voluntary petition under Chapter 11 of the United States Code (11 U.S.C. 101 et. seq., hereinafter the "Bankruptcy Code").

2. This Court has jurisdiction to hear and decide this Motion for Final Decree pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Prior to confirmation of its Plan of Reorganization, Debtor operated its business and managed its property as debtor-in-possession pursuant to Sections 1107(a) and 1109 of the Bankruptcy Code.

4. No creditor's committee or Chapter 11 trustee was appointed.

5. On October 2, 2009, this Court entered an order confirming Debtor's Plan of Reorganization (the "Confirmed Plan"). On November 12, 2009, this Court entered an order

approving technical changes to the Confirmed Plan.

### Relevant Statute and Bankruptcy Rules

6.  Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

7.  Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on the motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. Proc. 3022.

8.  Local Bankruptcy Rule 3022-1 provides that unless the Court orders otherwise, a party seeking a final decree must (1) provide notice of the motion to close the case to the United States Trustee, any Chapter 11 Trustee, and all creditors; and (2) state within the notice or motion the actual status of payments due to each class under the confirmed plan. Debtor has given notice of this Motion to the United States Trustee, all counsel having filed appearances in this case and to all creditors on the claims register.

### Status of Plan Payments

9.  Debtor's Confirmed Plan places creditor claims and equity interests into three classes as follows: **Class 1**: Allowed Secured Claims, consisting of the Aspen Allowed Claim; **Class 2**: General Unsecured Claims; **Class 3**: Equity Interests.

10. In addition, the Confirmed Plan identifies unclassified claims including: (1) pre- and post-petition administrative expense claims of the Receiver and Receiver's Counsel; (2) professional fees to Barnes & Thornburg LLP, (3) potential Bankruptcy Court Clerk's Fees and U.S. Trustee Fees; and (4) priority tax claims of the IRS and the Illinois Department of Revenue.

2

11. The actual status of payments due to each class under Debtor's confirmed plan is as follows:

    a. **Class 1**: Debtor has paid the initial $500,000.00 payment together with the required portion of the remaining funds held by the Receiver as of the Confirmation Date. Debtor has funded the Maintenance Account, Tax Escrow Account and Capital Improvements Account.

    b. **Class 2**: No payments are presently due to the unsecured creditors that hold claims in Class 2. Payment of Class 2 claims is secured by the Unsecured Claim Lien Interest on the Property, and Class 2 claims shall be paid upon the sale or refinance of the Property.

    c. **Class 3**: No payments are due to the equity interest holders that claims in Class 3.

    d. **Unclassified Claims**: Debtor has paid all Unclassified Claims that existed as of the Confirmation Date.

12. Moreover, Debtor has taken the actions presently required under the Confirmed Plan including: (1) creation of the Maintenance, Tax Escrow and Capital Improvements Accounts; (2) execution of the Account Agreement; and (3) recording of the Unsecured Claim Lien Interest against the Property.

### This Case is Ripe for Closure

13. The Debtor believes this case should be closed.

14. As noted by the Advisory Committee Notes to Bankruptcy Rule 3022, "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."

15. As noted by a Bankruptcy Court in this district:

> The only matters remaining are certain disbursements to be made under the plan and an adversary proceeding. The Court does not believe these matters warrant keeping the case open . . . . As recognized by the Seventh Circuit, "[o]nce the bankruptcy court confirms a plan of reorganization, the debtor may go about its

3

business without further supervision or approval. [citation].

*In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Judge Barliant).

16. The only matters remaining in this case are certain future disbursements to be made under the Confirmed Plan, including the periodic payments and the final payments to be made on the Class 1 Claim and the eventual payment to be made on the Class 2 Claims. Debtor has put the mechanisms in place to ensure that these payments are made. As such, there is no need for further Court supervision at this time.

**WHEREFORE**, Debtor respectfully requests that this Court enter an order (1) closing this Chapter 11 case; and (2) granting such other and further relief as is just.

    Respectfully submitted,

    ERIE PROPERTY LLC

    By: /s/ *Paula K. Jacobi*

Paula K. Jacobi (ARDC No. 1311247)
Jennifer A. Kimball (ARDC No. 6291184)
**Barnes & Thornburg LLP**
Suite 4400
Chicago, Illinois 60601
(T) (312) 214-4866
(F) (312) 759-5646
pjacobi@btlaw.com